UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeffery L. Anderson,            Case No. 3:19-cv-2265

    Plaintiff

v.            MEMORANDUM OPINION
           AND ORDER

Dr. Forolic, *et al.*,

    Defendants

**Background**

*Pro se* plaintiff Jeffery L. Anderson, on Ohio prisoner incarcerated in the Allen Oakwood Correctional Institution (AOCI), has filed a civil rights complaint against Dr. Forolic and Courtney Walker. (Doc. No. 1.)

His complaint alleges the following. He was transferred to AOCI after an incident at Lake Erie Correctional Institution "whe[re] inmates were smoking heroin." (*Id.* at 3.) He was seen by Dr. Forolic, who first "told [him he] was normal," and then a week later, told him he needed to be put on medication. (*Id.* at 3, 4.) After he told Dr. Forolic that he had discontinued mental health services and medications in 2016, he "was placed in seg housing with murderers," "Dr. Forolic prescribed him medication Haldol and respridol" which he refused to take, and on August 28, 2019, a hearing was held and a decision was made "to force medicate." (*Id.* at 4.)

The plaintiff "filed for an appeal," but on August 29, 2019, a "female walked up to [his] cell door and told him his appeal was denied" and that "they were going ahead with their procedures." "Core Civic [then] came up to [his] cell door, opened a window[,] pointed a machine gun in a

window and pumped," and he "was hit at least four or five times developing hematomas, at the same time [he] was forced medicated." (*Id.*)

For relief, the Plaintiff seeks "to ex[punge] the d[ecision] to vacate the remaining time for charges of kidnapping and free [him] at the same time" and for "every individual involved to have a criminal trial." (*Id.* at 5.)

## Standard of Review and Discussion

Although the standard of review for *pro se* pleadings is liberal, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "the lenient treatment generally accorded *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). "A district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. William*s, 490 U.S. 319, 325 (1989). Dismissal for frivolousness is appropriate where the alleged "claims describ[e] fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.* at 328. *See also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (dismissal is appropriate when the "facts alleged rise to the level of the irrational or the wholly incredible"); *Abner v. SBC (Ameritech)*, 86 F. App'x 958 (6th Cir. 2004).

The plaintiff's complaint must be summarily dismissed in accordance with *Apple v. Glenn*. Even liberally construed, it fails to allege a plausible federal claim upon which he may be granted

relief against the defendants and falls within the realm of frivolousness. *See, e.g., Rogers v. Ralles*, No. 2:14-CV-259, 2015 WL 566687 (W.D. Mich. Feb. 11, 2015) (dismissing complaint alleging that prison doctors and employees awakened him from his sleep by administering injections of unknown substances which altered his heart rate and mind set); *Henry v. Caruso*, No. 13-12881, 2014 WL 525032 (E.D. Mich. Feb. 7, 2014) (dismissing complaint premised on allegations that prison officials surgically implanted transmission devices into plaintiff's neck).

## Conclusion

Accordingly, this action is dismissed. Additionally, I certify pursuant 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge